99 F.3d 1147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nicholas ELIZARRARAS-MUNOZ, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Luis MEDINA-RODRIGUEZ, Defendant-Appellant.
 Nos. 95-50479, 96-50006.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1996.
Decided Oct. 22, 1996.
 
 ORDER
 The above cases are consolidated for purposes of disposition.
 Before: HUG, Chief Judge; PREGERSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellants Medina-Rodriguez and Elizarraras-Munoz appeal the district courts' denials of their motions for discovery of information relating to selective prosecution challenges. These two cases, which present identical issues, were consolidated for oral argument. We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 BACKGROUND
 Medina-Rodriguez
 
 3
 On March 14, 1995, Medina-Rodriguez was charged with illegal reentry by a previously deported aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(1), and (b)(2).
 
 
 4
 Prior to his plea and sentencing, Medina-Rodriguez moved for nationwide discovery regarding selective prosecution of individuals based on their ethnicity for 8 U.S.C. § 1326 offenses. Most of the evidence offered by Medina-Rodriguez in support of his discovery claim was identical to the evidence offered by the defendant in United States v. Gomez-Lopez, 62 F.3d 304 (9th Cir.1995). Medina-Rodriguez's motion for discovery was denied.
 
 
 5
 Medina-Rodriguez later moved for reconsideration. In support of his motion for reconsideration, Medina-Rodriguez added a letter from California Attorney General Lungren to United States Attorney General Reno, in which Lungren sought more prosecutions of illegal aliens in California.
 
 
 6
 Medina-Rodriguez also offered two newspaper articles in which U.S. Department of Justice officials claimed they were responding to Attorney General Lungren's concerns, and cited California enforcement policies as examples of their responsiveness.
 
 
 7
 Medina-Rodriguez's motion for reconsideration was denied. He now appeals.
 
 Elizarraras-Munoz
 
 8
 On April 27, 1995, defendant Elizarraras-Munoz was indicted for illegal reentry by a previously deported aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(1), and (b)(2).
 
 
 9
 Elizarraras-Munoz moved for discovery of the same data requested by Medina-Rodriguez. In support of his motion for discovery, Elizarraras-Munoz offered substantially the same evidence as that produced by Medina-Rodriguez and that relied upon by the Gomez-Lopez defendant. 62 F.3d 304. The district court denied the discovery motion.
 
 
 10
 In support of his motion to reconsider, Elizarraras-Munoz added the Lungren letter and the two newspaper articles discussed above. The district court denied his motion to reconsider.
 
 
 11
 Elizarraras-Munoz now appeals.
 
 ANALYSIS
 
 12
 We review a district court's decision on the scope of discovery for a selective prosecution claim for abuse of discretion. United States v. Gomez-Lopez, 62 F.3d 304, 306-07 (9th Cir.1995). We also review a district court's decision on whether to grant discovery related to a selective prosecution claim for abuse of discretion. United States v. Reese, 60 F.3d 660, 661 (9th Cir.1995).
 
 
 13
 A defendant making a selective prosecution claim must demonstrate that the federal prosecution policy "had a discriminatory effect and that it was motivated by a discriminatory purpose." United States v. Armstrong, 116 S.Ct. 1480, 1487 (1996). To prevail on a motion for discovery of information related to selective prosecution, the defendant must make "a credible showing of different treatment of similarly situated persons." Id. at 1489.
 
 
 14
 In Gomez-Lopez, this court reversed an order of circuit-wide discovery relating to a selective prosecution claim. 62 F.3d 307. Medina-Rodriguez and Elizarraras-Munoz now offer little more than that presented by the defendant in Gomez-Lopez to support motions for nationwide discovery--one letter from Attorney General Lungren to Attorney General Reno, and two newspaper articles.
 
 
 15
 On the state of the records before us we are not convinced that the defendants have shown that the sought-after nationwide "scope of discovery ... bear[s] a reasonable relationship to the decision to prosecute the particular defendant[s]." Id. at 306. There being no abuse of discretion, the district courts' decisions denying defendants' motions for nationwide discovery are affirmed.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3